UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONICA DEL CARMEN GONZALEZ-SERVIN, <br> GUERRO GONZALEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, <br> FIRESTONE POLYMERS INC, <br> BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE LLC, <br><br> Defendants. | No. 1:07-cv-05837-SEB-DML |

# Order Denying Motion to Reinstate (Dkt. 54)

This case arose out of a tragic roll-over accident in Mexico involving residents of Mexico. It was originally filed in the District of South Dakota and then transferred to the MDL proceeding pending in this court.

This court dismissed the case on *forum non conveniens* grounds on April 19, 2010. Dismissal was without prejudice and subject to Defendants' assent to submit to the jurisdiction of the Mexican courts. In granting the motion to dismiss, this court found, among other things, that Mexico is an available forum for Plaintiffs, based on Defendants' stipulation to jurisdiction and, independently, on the "territorial competence" of the courts of Mexico. *See* Dkt. 9, pp. 5-7. Plaintiffs filed a motion to reconsider the dismissal, which was denied on February 24, 2011, after which an appeal was taken to the Seventh Circuit, which on December 23, 2011, affirmed this court.

On December 5, 2013, Plaintiffs filed the current motion, asserting under Fed. R. Civ. P.

60 that justice requires reinstatement of the case on our docket because the Mexican court in which Plaintiffs filed the case sometime around February 2013[1] had dismissed it. In short (and it is short because Plaintiffs have provided a mere three sentences of explanation), Plaintiffs maintain that this court's *forum non conveniens* determination rests on its finding that Mexico is an available forum and that the Mexican court's dismissal demonstrates that our ruling was erroneous.

Reinstatement is denied, for two primary reasons. First, the motion is not timely. Second, Plaintiffs have provided no evidence that the Mexican court found that it lacked jurisdiction or territorial competence over the case.

### A. **The motion to reinstate has not been timely filed.**

Plaintiffs' request for relief is grounded in Fed. R. Civ. P. 60(b). Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[1] For reasons that will become apparent later on, Plaintiffs' counsel never discloses precisely when the case was filed in Mexico—only when it was dismissed. Correspondence Defendants cite in their response to the motion reveals that, as of February 6, 2013, Plaintiffs had not yet filed their case in Mexico but that they intended to do so shortly thereafter.

A motion brought under Rule 60(b)(1), (2), or (3) must be filed no more than a year after entry of judgment, and a motion based on the other provisions, "within a reasonable time." Fed.R.Civ.P. 60(c).

Plaintiffs' motion does not specify the subsection of Rule 60(b) on which they rely, but their reply brief (Dkt. 56) seems to suggest that they rely on subsections (b)(1), (2), or (3) or on subsection 5. Unfortunately, their specific invocations of Rule 60 appear only in headings in their reply brief, unadorned by explanation, argument, or citation of authority. Although the court will proceed to address the Rule 60(b) issues on their merits, Plaintiffs' motion could appropriately be denied based solely on this waiver. Neither the court nor Defendants should be required to guess what Plaintiffs intend or, worse yet, to articulate the potential arguments for them.

Plaintiffs assert, in a heading of their reply brief, that "[t]he statute does not require that the order or judgment be an order from a United States Court" and that "[t]he motion to reinstate was filed within three months of the Mexican courts [sic] judgment." We suppose by this Plaintiffs mean that their motion has been brought within the one year required for motions grounded in Rule 60(b)(1), (2), or (3) or that in any event within a reasonable time for purposes of the remaining subsections of the rule. (They have also referred in their reply brief to Rule 60(b)(5).) Their suggestion that "judgment" for purposes of the timing requirements of Rule 60(c) means anything other than the judgment from which the party is seeking relief under Rule 60 (*i.e.,* the judgment in *this* case) is, however, nonsensical. Plaintiffs clearly are not seeking relief from the Mexican court's judgment.

Plaintiffs have neither sought relief from the applicable judgment within one year, nor

3

have they done so "within a reasonable time."[2] We entered judgment on April 19, 2010. They could have filed their action in Mexico shortly thereafter—taking advantage of our explicit holding that Defendants had assented to jurisdiction in the Mexican courts. Plaintiffs did not do that, choosing instead to appeal. We do not fault them for exercising that right, but after the Seventh Circuit affirmed our decision on December 23, 2011, Plaintiffs still delayed the filing of their case in Mexico until (at the earliest) February of 2013.[3] That case was dismissed by the Mexican tribunal on August 12, 2013. For some reason, Plaintiffs filed a motion to reinstate this cause in the District of South Dakota—clearly an inappropriate forum since we had not remanded the case to that court and it had not entered the judgment. The District of South Dakota judge denied the motion for lack of jurisdiction on November 21, 2013, and Plaintiffs filed the pending motion on our docket on December 5, 2013.

Although Defendants contend that unreasonable delay occurred at every juncture in this process, we focus on only one period of delay in concluding that it was critical to our determination of timeliness: to wit, the (at least) fourteen-month delay before Plaintiffs sought a remedy in the Mexican courts. This delay was manifestly unreasonable given that the judgment from which relief is being sought was entered more than three and a half years earlier; this substantially exceeds the one year time limit in the rule and there is no other reason to justify an exception to the rule.

### B. **Plaintiffs have not demonstrated substantive grounds warranting the extraordinary relief they seek.**

---

[2] This standard applies if Plaintiffs are seeking relief under Rule 60(b)(4), (5), or (6).
[3] None of Plaintiffs' filings with this court reveals the date the Mexican case was actually filed—a noteworthy omission given the "reasonable time" inquiry. Plaintiffs' counsel advised defense counsel by email on February 6, 2013, that the "case is being filed in Mexico this week." *See* Dkt. 55-3. Plaintiffs' counsel represents in his reply brief that defense counsel "was warned well in advance that a lawsuit would be filed in Mexico" (Dkt. 56 at p. 5), so perhaps the case was filed even later than February 2013.

4

Plaintiffs' motion for relief from judgment is premised on our determination—affirmed by the Seventh Circuit—that Mexican courts provided an available forum which Plaintiffs' maintain was "simply wrong," in light of the Mexican court's dismissal of the case. Thus, they contend, it would be inequitable to allow the erroneous judgment to stand. However, Plaintiffs have failed to establish that their case was dismissed by the Mexican court for lack of jurisdiction. According to the certified translation of the Mexican court's dismissal order supplied to us by Plaintiffs, the action was dismissed —

> by virtue that it does not exhibit the documentation to base its action, meaning that, it does not have the accompanying documentation in which the plaintiff attributes liability for the death of Hans Guerrero Altmann to the defendant, thus, lacking the legal ground to promote this lawsuit; the aforementioned is based on the provisions of Article 2 of the Civil Procedures Code in force in the State . . .

Dkt. 54-5.

This order does not rely on a lack of jurisdiction; rather, it focuses on the insufficiency of the evidence presented to the court.[4] Because Plaintiffs' submissions fall short of demonstrating that the Mexican courts lacked jurisdiction over the case,[5] we lack a sufficient basis on which to grant the extraordinary relief which Plaintiffs seek.

For these reasons, the Motion to Reinstate (Dkt. 54) is DENIED.

IT IS SO ORDERED.

---

[4] Plaintiffs' counsel indeed presaged this result in his February 6, 2013 email to defense counsel: "As you are aware, cases in Mexico work like reverse summary judgments." Dkt. 55-3.

[5] Defendants take Plaintiffs to task for not doing what they needed to do to satisfy this court's condition that they submit to the Mexican court's jurisdiction. Although we agree in part with Plaintiffs' argument that they were not required to "jump through a series of [] demands" advanced in a post-judgment letter from defense counsel, it nonetheless is clear that Plaintiffs did not meaningfully cooperate with Defendants thereby preventing Defendants from submitting to Mexican jurisdiction. In any event, this is beside the point because the dismissal order does not reflect that the dismissal was based on the court's lack of jurisdiction over Defendants.

Date: 04/25/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Service via first-class U.S. Mail on:

Laurie McFarlane Bauer
915 4th Avenue East
Mobridge, SD 57601

Rory King
BANTZ GOSH CREMER PETERSON SOMMERS & WAGER
P.O. Box 970
Aberdeen, SD 57402

Mark F. Marshall
DAVENPORT EVANS HURWITZ & SMITH
P.O. Box 1030
Sioux Falls, SD 57101

Eric C. Schulte
DAVENPORT, EVANS, HURWITZ & SMITH, LLP.
206 W.14th Street
PO Box 1030
Sioux Falls, SD 57101-1030